IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs March 19, 2008

## STATE OF TENNESSEE v. JACK E. THOMPSON

**Direct Appeal from the Circuit Court for Montgomery County**
**Nos. 40600485, 40300297      John H. Gasaway, III, Judge**

————————————

**No. M2007-01347-CCA-R3-CD - Filed September 2, 2008**

————————————

The defendant, Jack E. Thompson, in this consolidated appeal, appeals from one judgment revoking his probation and another judgment sentencing him to three years to be served consecutively to the sentence for which his probation was revoked. On appeal, he argues that the trial court abused its discretion in revoking his probation and ordering him to serve his sentence and that the trial court erred in enhancing his sentence to three years on his plea of guilty to burglary of a vehicle, a Class E felony. After review, we affirm both judgments from the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JAMES CURWOOD WITT, JR., J., joined.

Jeffry S. Grimes, Clarksville, Tennessee, for the appellant, Jack Earl Thompson.

Robert E. Cooper, Jr., Attorney General and Reporter; Jennifer L. Bledsoe, Assistant Attorney General; Roger Eric Nell, District Attorney General; and John E. Finklea, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant pled guilty on October 16, 2003, to burglary of a vehicle and two counts of forgery and received an effective six-year sentence on probation. He violated his probation and, on September 8, 2005, waived his right to a hearing and admitted he had violated his probation. On December 8, 2005, he was reinstated to probation. On March 20, 2006, a second violation warrant, which is the subject of this appeal, was issued against the defendant, alleging that he violated the terms of his probation by committing the offenses of burglary and theft and by failing to report to his probation officer, pay his supervision fees, and provide proof of payment of court-ordered restitution. On August 17, 2006, the defendant admitted his violation and pled guilty to a new charge

of burglary of a vehicle. For the burglary of a vehicle charge, he received a three-year sentence to be served consecutively to the probation violation.

During the probation violation hearing, the defendant testified that he had been incarcerated since February 2006, as a result of his arrest and subsequent guilty plea on a charge of burglary. He said that his judgment had been impaired at the time he committed the offense because he had a drinking problem and was under the influence of pain medication for a leg injury sustained in a car accident. He said that he completed a twenty-eight-day treatment program at the Elam Treatment Center and that he was routinely tested for both alcohol and drugs. The defendant testified that, if reinstated to probation, he would be in a rehabilitation program.

On cross-examination, the defendant testified that he began drinking alcohol at age nine and taking drugs at age thirteen. He said he had nine prior felonies and six prior misdemeanor convictions. Following the hearing on December 5, 2006, the trial court ordered the balance of his original sentence to be served in confinement.

Analysis

The defendant argues that the court erred in imposing incarceration after the revocation of his probation. He concedes that the trial court had the option to revoke his probation but argues that his probation should have been reinstated or, at worst, only extended for two years.

A trial court may revoke probation and order the imposition of the original sentence upon a finding, by a preponderance of the evidence, that the person has violated a condition of probation. T.C.A. §§ 40-35-310, -311. The decision to revoke probation rests within the sound discretion of the trial court. *State v. Mitchell*, 810 S.W.2d 733, 735 (Tenn. Crim. App. 1991). Revocation of probation is subject to an abuse of discretion standard of review rather than a *de novo* standard. *State v. Harkins*, 811 S.W.2d 79, 82 (Tenn. 1991). Discretion is abused only if the record contains no substantial evidence to support the conclusion of the trial court that a violation of probation has occurred. *Id.*; *State v. Gregory*, 946 S.W.2d 829, 832 (Tenn. Crim. App. 1997). Proof of a violation need not be established beyond a reasonable doubt, and the evidence need only show that the trial judge exercised a conscientious and intelligent judgment rather than acted arbitrarily. *Gregory*, 946 S.W.2d at 832; *State v. Leach*, 914 S.W.2d 104, 106 (Tenn. Crim. App. 1995).

The underlying facts demonstrate that the defendant was placed on probation after burglarizing a vehicle. While on probation for that crime, he committed another burglary of a vehicle. His criminal record includes multiple convictions for burglaries and drug offenses. The defendant acknowledged that he had violated his probation, and he placed the blame for his criminal conduct on his alcohol dependency. Based on his past criminal record, the trial court found that he was a threat to society. Here, the record reflects that the trial court did not abuse its discretion by revoking the defendant's probation and ordering the defendant to serve his original sentence in confinement.

Next, the defendant argues that the two sentencing enhancement factors and two mitigating factors found by the trial court cancel each other out. We follow the recent decision of the Tennessee Supreme Court, which stated:

> Prior to 2005, a defendant was entitled to the presumptive sentence unless the trial court properly applied statutory enhancement factors. Currently, the trial court "shall consider, but is not bound by" an "advisory sentencing guideline" that suggests an adjustment to the defendant's sentence upon the presence or absence of mitigating and enhancement factors. [T.C.A.] § 40-35-210(c). Thus, the 2005 revision to the -210(c) increases the amount of discretion a trial court exercises when imposing a sentencing term.

*State v. Carter*, 254 S.W.3d 335, 344 (Tenn. 2008). The 2005 revision was made effective for crimes committed on or after June 7, 2005.

The supreme court in *Carter* further stated that "[a]s to the standard of review, the Sentencing Act provides that, '[w]hen reviewing sentencing issues raised [by a defendant] pursuant to [this section], including the granting or denial of probation and the length of sentence, the appellate court shall conduct a de novo review on the record of the issues. The review shall be conducted with a presumption that the determinations made by the court from which the appeal is taken are correct.'" T.C.A. § 40-35-401(d); *see also* T.C.A. § 40-35-402(d); *State v. Carter*, 254 S.W.3d at 344 (Tenn. 2008).

The weight afforded the various mitigating and enhancement factors is "left to the trial court's sound discretion." Because the Sentencing Act has been revised to render these factors merely advisory, that discretion has been broadened. Thus, even if a trial court recognizes and enunciates several applicable enhancement factors, it does not abuse its discretion if it does not increase the sentence beyond the minimum on the basis of those factors. Similarly, if the trial court recognizes and enunciates several applicable mitigating factors, it does not abuse its discretion if it does not reduce the sentence from the maximum on the basis of those factors. The appellate courts are therefore left with a narrower set of circumstances in which they might find that a trial court has abused its discretion in setting the length of a defendant's sentence." *Id.* at 345-46. Therefore, appellate courts are bound by the decision of the trial court as to the sentence length as long "as it is imposed in a manner consistent with the purposes and principles set out in sections -102 and -103 of the Sentencing Act." *Id.*

The trial court was within its discretion in imposing a three-year sentence, and the defendant has not demonstrated that the court erred in imposing said sentence. Therefore, he is entitled to no relief on this issue.

As to the issue of his incarceration, the trial court was within its discretion in imposing a sentence of confinement after it found the defendant had violated his probation. *See* T.C.A. §§ 40-35-310, -311. The record reflects that the defendant violated his probation and committed a subsequent law violation while on probation. Tennessee Code Annotated section 40-35-115(b)(6) provides that a trial court "may order sentences to run consecutively if the court finds by a

preponderance of the evidence that . . . the defendant is sentenced for an offense committed while on probation." Here, the defendant acknowledged he pled guilty to a new law violation which gave the trial court authority to sentence him to a consecutive sentence in confinement.

Conclusion

Based on the foregoing and the record as a whole, we conclude that no error exists and affirm the judgments from the trial court.

<br><br>

_____
JOHN EVERETT WILLIAMS, JUDGE